85 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernesto Jose HERNANDEZ-GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70836.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided May 8, 1996.
 
 1
 Before: NORRIS and WIGGINS, Circuit Judges, and JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ernesto Jose Hernandez-Garcia petitions for review of a decision of the Board of Immigration Appeals denying his application for asylum under 8 U.S.C. § 1158(a) and withholding of deportation under 8 U.S.C. § 1253(h).
 
 
 4
 The Board of Immigration Appeals denied his application on the ground that he failed to establish that he had a well-founded fear of persecution if he returned to Nicaragua, in light of the fact that a coalition government succeeded the Sandinista Party on April 25, 1990. Hernandez-Garcia challenges the BIA's findings in two respects.
 
 
 5
 First, he argues that the BIA erred in its evaluation of the present political situation in Nicaragua. Although the BIA did not discuss the evidence in the record relating to the situation under the new government, we nevertheless conclude that the BIA's finding is supported by substantial evidence in the record. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (BIA's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole) (quoting 8 U.S.C. § 1105a(a)(4)); Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (same). Hernandez-Garcia alleges a fear of persecution on account of political beliefs imputed to him because of his relationship to his father-in-law, Julio Alfredo Lopez, who was imprisoned by the Sandinistas for his ties to the Somoza government. However, there is no evidence that Lopez has been harmed since the new government came to power. Although Hernandez-Garcia testified that Lopez recently lost his job under mysterious circumstances [AR 62], he also testified that Lopez is currently working [AR 62]. In two declarations, Lopez reports that he continues to be harassed by the authorities [AR 82, 87] but he does not explain what kind of harassment he is experiencing nor does he provide any examples. Without more specificity, it is impossible to determine whether Lopez faces persecution under the current government.
 
 
 6
 Hernandez-Garcia's other evidence relating to the post-Sandinista situation in Nicaragua consists of newspaper articles [AR 93-108] reporting that the Sandinistas continue to control the police and the military, [see, e.g., AR 101] and documenting the assassination of former Contra leader Enrique Bermudez [AR 106]. Although this evidence tends to show that the Sandinistas still wield a great deal of power in Nicaragua, it does not establish that anyone similarly situated to Hernandez-Garcia has been persecuted. See Kotasz v. INS, 31 F.3d 847, 851-52 ("the petitioner cannot simply prove that there exists a generalized or random possibility of persecution in his native country; he must show that he is at particular risk--that his 'predicament is appreciably different from the danger faced by [his] fellow citizens.' ") (quoting Vides-Vides v. INS, 783 F.2d 1463, 1469 (9th Cir.1986). Thus, the BIA did not err in finding that Hernandez-Garcia failed to establish that he has a well-founded fear that he would be persecuted in Nicaragua today.
 
 
 7
 Second, Hernandez-Garcia argues that there is no support for the BIA's finding that his past experiences under the Sandinista regime are not sufficient to establish past persecution. However, this argument misinterprets the BIA's decision because the BIA did not find that Hernandez-Garcia failed to establish past persecution. Rather, it found that even if he could establish past persecution, the change in government would rebut the resulting presumption of future persecution. Further, it found that his past experiences did not provide any humanitarian or compelling bases for a grant of asylum even in the absence of a likelihood of future persecution. Cf. Matter of Chen, Int. Dec. 3104 (BIA 1989) (discretionary grant of asylum was warranted for humanitarian reasons notwithstanding the fact that there was little likelihood of future persecution because the applicant had been persecuted severely since childhood and had sustained serious physical and psychological damage). The record supports both of these findings.
 
 
 8
 In sum, substantial evidence supports the BIA's conclusion that Hernandez-Garcia has failed to demonstrate either that he has a well-founded fear of future persecution under the new government in Nicaragua, or that he suffered past persecution so severe that repatriation would be inhumane. Accordingly, the petition is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Napoleon A. Jones, Jr., United States District Judge, Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3